UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GARY COMBS, | ) | | |
|---|---|---|---|
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:22-CV-209-KAC-JEM |
| MICHAEL PARRIS, STACEY OAKES, MR. JENCKS, EMILY OLROID, BRITTNEY HILL, and JERRY SPANGLER, | ) ) ) ) ) ) | | |
| Defendants. | ) ) | | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Gary Combs is proceeding pro se in this action under 42 U.S.C. § 1983. On November 7, 2022, the Court entered an order that, among other things, gave Plaintiff twenty-one (21) days to file an amended complaint [Doc. 8 at 7]. But the Court warned Plaintiff that if he failed to timely comply with the Court's Order, "the Court **will DISMISS** this action for failure to prosecute and failure to follow the orders of this Court" [*Id.* at 9]. Plaintiff has not complied with that Order by filing an amended complaint, and the time to do so has long passed. For the reasons below, the Court dismisses this action under Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), the Court may dismiss a case for a plaintiff's failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v.*

*Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order is due to Plaintiff's willfulness or fault. It appears that Plaintiff received the Court's Order and chose not to comply, abandoning his action.[1] Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not appeared in or otherwise defended against this action. Third, the Court warned Plaintiff that failure to timely comply with its previous Order would result in dismissal of this action [Doc. 8 at 9]. Finally, alternative sanctions are not appropriate here because Plaintiff failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. These factors support dismissal under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se

---

[1] On October 27, 2022, the United States District Court for the Middle District of Tennessee received a complaint from Plaintiff that is substantively similar to the initial complaint that he filed in this case. The complaint Plaintiff filed in the Middle District of Tennessee is undated. But because the Middle District of Tennessee received it on October 27, before this Court entered its November 7 Order permitting Plaintiff to amend his complaint in this case, it is not relevant to this action.

status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
